EMILY CHESTNUT

*v.*

ALEXANDER R. CHESTNUT.

1. DEGREE OF EVIDENCE—*to prove adultery.* On a charge of adultery as a ground of divorce, a preponderance of evidence is sufficient to establish the charge. It is not required that the jury be satisfied beyond a reasonable doubt.

2. An instruction, on the trial of a suit for divorce as to a charge of adultery, that while such a charge may be proved by circumstantial evidence, yet, to make out the charge by such evidence alone, it must be so connected, when taken together, as to exclude every other reasonable hypothesis than that of the guilt of the party charged, was *held* erroneous, as requiring the jury to be satisfied beyond a reasonable doubt.

3. SAME—*rule when facts may be attributed to innocence as well as to guilt.* Where a violation of the marital rights is charged by the commission of an act that degrades the parties, and inflicts great injury upon society, and the evidence may as well establish innocence as guilt, the jury should always adopt the former rather than the latter hypothesis.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. DUMMER, BROWN & RUSSELL, for the appellant.

Mr. I. J. KETCHAM, and Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding by bill on the equity side of the Morgan circuit court, instituted by Alexander R. Chestnut, complainant, and against Emily Chestnut, defendant, for a divorce, on the allegation of wilful desertion by her.

The defendant duly appeared and put in her answer to the bill, denying the charge, and alleges a promise by complainant to aid her in raising her minor children by a former husband, and a breach of that promise by driving her children from the house and refusing to permit them to return. She also charges complainant with improper intimacy with a loose woman known as Lizzy Holmes, and having adulterous intercourse with her, and with deserting defendant without cause for more than two years; and she further charges complainant with habitual drunkenness ever since their marriage. Defendant makes these matters the subject of a cross-bill.

Complainant, in his answer to the cross-bill, denies all the material allegations, and there was a replication, and the cause being at issue, the same was tried by a jury, who found the defendant guilty of wilful desertion as charged in the bill, and they found the defendant in the cross-bill not guilty as charged therein.

A motion for a new trial was denied the defendant, her cross-bill dismissed, and a divorce decreed as prayed in the original bill. To reverse this decree defendant appeals, and assigns variors errors, particularly assigning as error certain instructions given on behalf of complainant. There are several of these instructions to which exceptions were taken, but we

have deemed it necessary to consider one only, as the defects in that one are so obvious as to require a reversal of the judgment.

Premising there was much testimony claimed by defendant as tending to prove the charge of adultery, which was the charge mainly relied on by defendant, on which we refrain from any remarks, the court, at the instance of the complainant, gave this instruction, numbered in the series as 14:

" The court further instructs for Alexander R. Chestnut, that the charge of adultery is, in law, a charge of a grave and serious character; that while such a charge may be proven by circumstantial evidence, yet, to make out a charge of adultery by circumstantial evidence alone, the circumstantial evidence must be so connected, when taken together, as to exclude every other reasonable hypothesis than that of the guilt of the party charged; and if they believe, from the testimony in this case, that the circumstances relied on to make out the alleged charge of adultery with Elizabeth Holmes do not exclude every other reasonable presumption than that of the guilt of Mr. Chestnut, then such circumstantial evidence will not justify a verdict of guilty of the charge of adultery."

This instruction goes beyond the rule established in such cases by this court, and has no sanction in any authority. If it be conceded the testimony on the main charge was conflicting, the necessity that the jury should be properly instructed is the more imperious. In a criminal proceeding, which this was not, every reasonable presumption in favor of the innocence of the defendant charged, should be indulged. The rule is familiar. The doctrine of this court has uniformly been, in cases of this kind, that a preponderance of evidence suffices to establish the issue. The court might as well have told the jury they should be satisfied beyond a reasonable doubt of the truth of the charge, for the instruction goes to that extent.

It was said by this court, in *Carter* v. *Carter*, 62 Ill. 439, a case

quite like this, in which there was a counter charge by the wife of adultery on the part of the husband, that adultery was a specific charge, to be proved like any other fact, by either positive or circumstantial evidence. The charge must be established by evidence of acts and circumstances that convince the understanding.

The farthest this court has gone as tending to give support to this instruction, is to be found in this case of *Carter* v. *Carter*, where it was further said, where immorality or wrong is imputed, it must be established by at least a preponderance of proof, and when the evidence may as well establish innocence as guilt, the jury should always adopt the former rather than the latter hypothesis, and the same is manifestly true when a violation of marital rights is charged by the commission of an act that degrades the parties, and inflicts great injury upon society.

Instruction 14 goes far beyond any rule or doctrine recognized by this court, and should not have been given to the jury; there is no authority for it, and under the circumstances shown on the trial, it greatly prejudiced the defendant's case.

For this error the decree must be reversed, and the cause remanded that a new trial may be had.

*Decree reversed.*